# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MIGUEL LOPEZ PERALTA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 10-CV-0669-CVE-PJC |
| ) | |
| U.S. IMMIGRATION AND CUSTOMS ) | |
| ENFORCEMENT; ) | |
| PAUL BRANDSETTER, ) | |
| ) | |
| Respondents. ) | |

## OPINION AND ORDER

On October 19, 2010, petitioner, a detainee appearing *pro se*, filed a 28 U.S.C. § 2241 petition for a writ of habeas corpus (Dkt. # 1). Petitioner seeks release from custody of United States Immigration and Customs Enforcement (ICE), claiming that he "was adopted by a U.S. citizen, not guilty of immigration violation." Id.

Respondents filed a response to the petition and motion to dismiss (Dkt. # 10), asserting that petitioner has been removed to his native country of Mexico and that, as a result, his request for habeas corpus relief is moot. In support of their request for dismissal, respondents provide the Declaration of Charnel Dean Wright, a Deportation Officer for ICE. See Dkt. # 10, Ex. 1. Mr. Wright states that on November 3, 1997, petitioner was adopted by United States citizens. However, he was never admitted for lawful permanent residence nor did anyone make application for permanent residence on his behalf. On March 11, 2008, petitioner was convicted of trafficking in illegal drugs in Tulsa County District Court, Case No. CF-2007-4773. As a result of that conviction, petitioner was placed in removal proceedings. A Final Administrative Order was entered December

15, 2010, see Dkt. # 10, Ex. 2, petitioner waived his appeal of the Final Administrative Order, and agreed to be removed to Mexico. On December 21, 2010, petitioner was removed to Mexico. See id.

Because petitioner has been removed to Mexico, his request for habeas corpus relief has been rendered moot. See Ferry v. Gonzales, 457 F.3d 1117, 1132 (10th Cir. 2006); Fonge v. Comfort, 62 Fed.Appx. 266, 2003 WL 1736397 (10th Cir. 2003) (unpublished); Tapia Garcia v. I.N.S., 237 F.3d 1216, 1217-18 (10th Cir. 2001) ("Because [petitioner] is no longer subject to deportation and is not being detained by the INS, his situation is analogous to a prisoner whose sentence has expired. As such, his deportation must have 'collateral consequences' in order to present a case or controversy cognizable on appeal."). "Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." Chihuahuan Grasslands Alliance v. Kempthorne, 545 F.3d 884, 891 (10th Cir. 2008) (quotation omitted). This Court has "no power to give opinions upon moot questions or declare principles of law which cannot affect the matter in issue and the case before it[.]" Id. Accordingly, "[o]nce a controversy ceases to exist, the action is moot and this court lacks jurisdiction to adjudicate the matter." Id. (quotation and alteration omitted). A case becomes moot "if an event occurs while a case is pending [] that makes it impossible for the court to grant any effectual relief whatever to the prevailing party." Prier v. Steed, 456 F.3d 1209, 1213 (10th Cir. 2006) (quotations omitted). In this case, as a result of petitioner's removal to Mexico, he is no longer in ICE custody and it is impossible for the Court to grant the requested relief: release from ICE custody. Therefore, the Court finds respondents' motion to dismiss shall be granted and the petition for writ of habeas corpus shall be dismissed as moot.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Respondents' motion to dismiss (Dkt. # 10) is **granted**.

2. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed as moot**.

**DATED** this 25th day of January, 2011.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT